PEARSON, Judge.
We are presented with a petition for certiorari to review the circuit court’s judgment assessing costs. The court’s judgment was entered pursuant to Rule 1.420(d), RCP, 30 F.S.A., after the plaintiff-petitioner had taken a voluntary dismissal near the completion of trial. Only two portions of the cost judgment are challenged. The first is that portion of the judgment which found that the reasonable value of attorney’s services to the defendant-respondent was in the amount of $4,530, but reserved ruling on the defendant’s motion to tax the same as costs. Attorney’s fees are not a portion of the taxable costs in a common law suit in this state. They are allowed to the prevailing party in certain instances which need not be discussed here. See Kittel v. Kittel, Fla.1967, 210 So.2d 1. Inasmuch as this cause is an automobile negligence action, there is no authority for the assessment of an attorney’s fee. Rule 1.420(d), RCP, 30 F.S.A., does not provide such authority.
The second challenged portion of the cost judgment allows as an element of costs the estimated price of the reporter’s *431 transcription of the record of the incomplete trial. This item may not be allowed inasmuch as it has not been incurred. See Butler v. Borowsky, Fla.App.1960, 120 So. 2d 656. The judgment assessing costs is quashed as to the two items discussed in this opinion and the court may, upon the entry of our judgment, enter an amended judgment if it sees fit.
It is so ordered.