273 So.2d 11 (1973)
TROUTMAN ENTERPRISES, INC., d/b/a Riverside Hair Styling Academy, and Allstate Insurance Company, Appellants,
v.
Jennie S. ROBERTSON, Appellee.
No. S-212.
District Court of Appeal of Florida, First District.
February 13, 1973.
Frederick B. Tygart, of Law Office of S. Thompson Tygart, Jr., Jacksonville, for appellants.
No appearance for appellee.
WIGGINTON, Judge.
Defendants have appealed an order denying their motion to tax costs following plaintiff's voluntary dismissal of this action.
Appellee brought this suit seeking recovery of damages sustained by her as the result of appellants' alleged negligence in the operation of their beauty parlor and hair styling academy. Appellants filed their written defenses of release and assumption of risk. During the discovery stages of the proceeding appellants took the depositions of appellee and her treating physician. Appellee in turn took the depositions of appellants' principal stockholder and an *12 independent expert. The original depositions taken by appellants and copies of the depositions taken by appellee were used by appellants' counsel in his preparation of the case for trial.
By order rendered August 24, 1972, the case was duly set to be tried on the following October 2, 1972. Three days before trial date appellee filed in the cause and served on appellants her notice of voluntary dismissal without prejudice pursuant to the provisions of Rule 1.420(a)(1)(i), Rules of Civil Procedure, 30 F.S.A. Appellants thereupon promptly filed in the cause their motion to tax costs, claiming a judgment for the sums paid in the procurement of the original depositions taken by them and the copies of the depositions taken by appellee. In response to this motion, the trial court rendered its order merely reciting that defendants' motion to tax costs was denied.
Rule 1.420(d), Rules of Civil Procedure, relating to the taxation of costs in cases voluntarily dismissed by the plaintiff in the action, provides:
"Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action... ."
The order denying appellants' motion to tax costs contains no findings and recites no reasons for the court's decision. We are not justified in speculating as to the factors which influenced the court's discretion in reaching the conclusion that no costs incurred by appellants in preparation of the case for trial should be taxed in their favor.
In Goldstein v. Great Atlantic & Pacific Tea Company[1] the Third District Court of Appeal reviewed a judgment for costs in favor of the defendant rendered after plaintiff had taken a nonsuit prior to final conclusion of the trial. It was contended by plaintiff on appeal that the trial court erred in awarding costs to the defendant for witness fees, costs of photographs purchased, and costs of depositions taken by it for the reason that the witnesses were not called, the depositions not used at the trial, and the photographs were not introduced into evidence. In affirming the cost judgment, the court said:
"... If such an argument were held to have merit under the circumstances of the present case, we would have an appellant who as plaintiff prevented defendant-appellee from presenting his case, while precluding the recovery of the costs involved in the preparation thereof. Where a defendant is brought into court and put to the expense of preparing for trial, and where by taking a nonsuit plaintiff denies him the chance of a determination in his favor, the defendant should be compensated for his expenses; or else he shall have been forced to expend funds for nothing... ."
In the case of Keener v. Dunning[2] the plaintiff in a personal injury action voluntarily dismissed her case prior to trial pursuant to Rule 1.420(a)(1), Rules of Civil Procedure, and thereafter immediately refiled the same suit as a new and separate action. Defendants filed in the original action their motion for taxation of costs on account of expenses incurred in procuring depositions and other records required as evidence at the trial. In response to such motion, the trial court rendered its order deferring rule thereon until final disposition of the refiled case. In reversing the order deferring ruling on defendants' motion, the Fourth District Court of Appeal held:
"In our opinion, the trial judge erred by not either taxing in whole or in part or disallowing the specified cost items. Where a cause is voluntarily dismissed by a plaintiff under Rule 1.420(a)(1), *13 F.R.C.P., and a motion is filed in the cause to tax costs, the trial judge should specifically rule in that cause on the taxability of each cost item sought to be taxed. Thereafter, the trial judge should enter a judgment assessing against the dismissing party those items of costs determined to be taxable. He has, however, no authority to defer a ruling on costs pending the outcome of other actions. In our opinion such is the necessary implication of Rule 1.420(d). .. .
* * * * * *
"We recognize that the taxation of costs is a matter which rests largely in the discretion of the trial court. But where costs are incurred in the taking of depositions and the acquisition of documentary evidence, these costs should not be disallowed merely because the use of the depositions and the documentary evidence was obviated by a voluntary dismissal. Compare Goldstein v. Great Atlantic & Pacific Tea Company, Fla.App. 1962, 142 So.2d 115. With respect to the cost items here involved, that is, those items the taxing of which was `deferred' the trial judge should tax in whole or in part or disallow any item, depending upon his interpretation of the reasonableness of its amount and the necessity for incurring it."
In City of Hallandale v. Chatlos[3] the Supreme Court reviewed a cost judgment for attorney's fees rendered in favor of a defendant in an eminent domain action which was voluntarily dismissed by the petitioner prior to trial as authorized by Rule 1.420(a)(1), Rules of Civil Procedure. In affirming the judgment appealed, the court said:
"We note that our conclusion accords with R.C.P. 1.420, which permits voluntary dismissal of actions, but also adds:
"`Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.' (Subsection (d)).
"We construe this to mean that costs, including attorneys' fees, are to be assessed and judgment entered for them in the same action which is the subject of voluntary dismissal under R.C.P. 1.420(a)."
It is our view that the trial court erred in denying appellants' motion to tax costs by the order appealed herein. For the reasons and upon the authorities hereinabove cited, the order here challenged is reversed and the cause remanded for further proceedings consistent with the views herein set forth.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Goldstein v. Great Atlantic & Pacific Tea Company, (Fla.App. 1962) 142 So.2d 115, 118.
[2] Keener v. Dunning, (Fla.App. 1970) 238 So.2d 113, 114.
[3] City of Hallandale v. Chatlos, (Fla. 1970) 236 So.2d 761, 763.