281 So.2d 380 (1973)
ROYAL-GLOBE INSURANCE COMPANIES, Petitioner,
v.
INDIAN RIVER GAS COMPANY, a Florida Corporation et al., Respondents.
No. T-394.
District Court of Appeal of Florida, First District.
August 16, 1973.
Kim C. Hammond, of Green & Strasser, Daytona Beach, for petitioner.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for respondents.
PER CURIAM.
This petition for a writ of certiorari seeks review of a Cost Judgment in which respondents were awarded $259.00 for attorneys fees and travel costs.
*381 We have examined the record on appeal and the briefs filed by the parties, and it is our conclusion that petitioner has failed to demonstrate that the lower court acted in excess of its jurisdiction in awarding said costs to defendants below. Troutman Enterprises, Inc. v. Robertson, 273 So.2d 11 (Fla.App. 1st, 1973); Goldstein v. Great Atlantic & Pacific Tea Company, 142 So.2d 115 (Fla.App. 3rd, 1962). Accordingly, the petition for a writ of certiorari is denied.
JOHNSON and SPECTOR, JJ., concur.
WIGGINTON, Acting C.J., dissents.
WIGGINTON, Acting Chief Judge (dissenting).
This action, which was brought and later voluntarily dismissed by petitioner prior to trial pursuant to Rule 1.420(d), Rules of Civil Procedure, 30 F.S.A., was for the recovery of damages suffered as a result of respondents' alleged negligence. The sole issue before us is whether under these circumstances respondents, who were defendants in the trial court, are entitled to recover a reasonable attorney's fee as part of their taxable costs.
It has long been the law of Florida that except where attorney's fees may be allowed in equity from a specific fund or property which may be lawfully charged with their payment, attorney's fees may not be recovered except when specifically authorized by statute or by agreement of the parties.[1] Under the facts shown by this record there is no specific statute, agreement between the parties, or special equitable circumstances which may lawfully form a basis for awarding attorney's fees as part of the court costs in this case.
The majority opinion recites as authority for its position the cases of Troutman Enterprises, Inc. v. Robertson[2] and Goldstein v. Great Atlantic & Pacific Tea Company.[3] Neither of the cited decisions involved a claim for attorney's fees as part of the court costs to be awarded the successful party, but dealt only with costs incurred in procuring depositions, photographs, and payment of witness fees, for use in preparing the cases for trial. Those decisions are therefore not authority for the majority holding that attorney's fees may be awarded as court costs to a defendant in a tort action which is voluntarily dismissed by the plaintiff prior to trial.
Respondents cite the case of City of Hallandale v. Chatlos[4] as authority in support of the judgment appealed. The Chatlos case involved only the question of whether judgment for attorney's fees in an eminent domain action which has been voluntarily dismissed by the petitioner may be awarded to the defendant-landowner as part of the court costs to which he is entitled by the clear and mandatory provisions of the eminent domain statutes, or whether he must bring a separate action for the recovery of such attorney's fees. The Supreme Court held that the legislature, by the adoption of the eminent domain act, intended that attorney's fees be considered part of the costs of the proceedings and that they be assessed in the case by the court without the necessity of filing a separate proceeding for such recovery. The court observed in concluding its opinion that the decision accords with Rule 1.420, Rules of Civil Procedure, relating to the voluntary dismissal of actions, which provides that costs in any action dismissed under the rule shall be assessed and judgment for costs entered in the action. Since attorney's fees allowable by *382 law in eminent domain proceedings are specifically made a part of the court costs by virtue of the statute itself, the fees were held to be properly awarded as part of the court costs in the case. I therefore do not consider that the Chatlos decision can be considered as authority to support the majority opinion herein. Because of the foregoing reasons, I must respectfully note my dissent to the majority disposition of this review.
NOTES
[1] Granoff v. Cherin (Fla.App. 1972) 270 So.2d 430; Kittel v. Kittel (Fla. 1967) 210 So.2d 1; Thibert v. Thibert (Fla. App. 1958) 106 So.2d 918.
[2] Troutman Enterprises, Inc. v. Robertson (Fla.App. 1973) 273 So.2d 11.
[3] Goldstein v. Great Atlantic & Pacific Tea Company (Fla.App. 1962) 142 So.2d 115.
[4] City of Hallandale v. Chatlos (Fla. 1970) 236 So.2d 761.