308 So.2d 143 (1975)
Robin GIACHETTI, a Minor, by and through His Father and Next Friend, Robert J. Giachetti, and Robert J. Giachetti, Individually, Appellants,
v.
Lawrence Dalton JOHNSON et al., Appellees.
No. 74-882.
District Court of Appeal of Florida, Second District.
February 26, 1975.
Karl O. Koepke, Whitaker, Koepke & Associates, Orlando, for appellants.
Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellee Chrysler Corp.
SCHEB, Judge.
The sole question on this appeal is whether the trial court erred in awarding *144 attorneys' fees as costs to defendants/appellees where the plaintiffs/appellants voluntarily dismissed a personal injury action under RCP 1.420.
Upon the plaintiffs/appellees' voluntary dismissal prior to the trial of their pending action, the lower court granted the defendants/appellees' motion for taxing costs and attorneys' fees and awarded a judgment of $1,127.53 which included $1,100.00 attorneys' fees.
RCP 1.420(d) provides in part: "Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action." Although the Supreme Court held in State ex rel. Royal Insurance Co. v. Barrs, 1924, 87 Fla. 168, 99 So. 668, that costs do not include attorneys' fees in the absence of statutory authorization, we recognize a conflict in the decisions among the District Courts of Appeal in the application of Rule 1.420(d) to the question sub judice. In Granoff v. Cherin, Fla.App.3d 1972, 270 So.2d 430, the Third District held the defendant was not entitled to recover his attorneys' fees as costs in an automobile negligence action in which the plaintiff took a voluntary dismissal near the completion of the trial. To the contrary, in Royal-Globe Insurance Cos. v. Indian River Gas Co., Fla.App.1st 1973, 281 So.2d 380, the First District denied a petition for writ of certiorari to review a cost judgment wherein the defendants, in a tort action that was voluntarily dismissed by plaintiff prior to trial, were awarded $259 for attorneys' fees and travel costs. The Royal-Globe decision recited as authority for its position the cases of Troutman Enterprises, Inc. v. Robertson, Fla.App.1st 1973, 273 So.2d 11, and Goldstein v. Great Atlantic & Pacific Tea Co., Fla.App.3d 1962, 142 So.2d 115, however, as pointed out by Judge Wigginton in his dissent in Royal-Globe, these decisions dealt only with costs incurred in procuring depositions, photographs and payment of witness' fees preparatory to trial.
Nor do we find City of Hallandale v. Chatlos, Fla. 1970, 236 So.2d 761, cited by defendants/appellees to be persuasive to uphold the lower court's judgment since the Hallandale case involved a judgment for attorneys' fees in favor of a landowner where the city voluntarily dismissed a condemnation action.[1]
We align this court with the opinion of the Third District and hold that under RCP 1.420(d), the court is not authorized to award attorneys' fees as costs in an action unless authorized by contract or statute.[2]
Accordingly, the case is remanded to the lower court for entry of an amended cost judgment excluding attorneys' fees.
BOARDMAN, Acting C.J., and GRIMES, J., concur.
NOTES
[1] See F.S. 73.091 which requires a petitioner in a condemnation action to pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorneys' fee to be assessed by that court.
[2] Federal RCP 41(a) provides that after service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, that "... an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Cf. Fla. RCP 1.420(a). There is an obvious leeway here for the federal court to require payment of attorneys' fees where deemed proper. While this approach may have a special appeal to a defendant where the plaintiff takes a voluntary dismissal just prior to trial, the advisability of such an approach is a matter for those charged with the responsibility of promulgating court rules and finally, of course, for our Supreme Court to determine.