339 So.2d 202 (1976)
Allie William CAMPBELL et al., Petitioners,
v.
James W. MAZE, Respondent.
No. 47118.
Supreme Court of Florida.
November 4, 1976.
Marjorie D. Gadarian, Jones, Paine & Foster, West Palm Beach, for petitioners.
Horace E. Beacham, Jr., and Franklin G. Callas, Beacham & Callas, Palm Beach, for respondent.
*203 OVERTON, Chief Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Fourth District Court of Appeal reported at 307 So.2d 234 (Fla.App.4th 1975). The decision reported there conflicts with Royal-Globe Insurance Companies v. Indian River Gas Company, 281 So.2d 380 (Fla. App.1st 1973). We have jurisdiction.[1]
The issue to be decided is whether costs taxable to a plaintiff taking a voluntary dismissal include reasonable attorney's fees incurred in preparation for trial.
Plaintiff-respondent Maze took a voluntary dismissal of his personal injury action before trial began. Petitioner then moved in the trial court for taxation of costs, including reasonable attorney's fees (stipulated to be $3,600). The trial court denied the motion as to the attorney's fees, but ordered payment of the other costs requested. In so doing, it cited as support the dissent of Judge Wigginton in Royal-Globe.
Petitioner sought review in the Fourth District Court of Appeal through common law certiorari. The Fourth District Court agreed with the trial judge and discharged the writ, expressly declining to follow the majority holding of the First District Court of Appeal in Royal-Globe. The majority in Royal-Globe held that it was within the discretion of the trial judge to award attorney's fees upon voluntary nonsuit as part of the defendant's costs. The First District cited as authority Troutman Enterprises, Inc. v. Robertson, 273 So.2d 11 (Fla.App.1st 1973) and Goldstein v. Great Atlantic and Pacific Tea Company, 142 So.2d 115 (Fla. App.3rd 1962). In his dissent, Acting Chief Judge Wigginton stated,
"It has long been the law of Florida that except where attorney's fees may be allowed in equity from a specific fund or property which may be lawfully charged with their payment, attorney's fees may not be recovered except when specifically authorized by statute or by agreement of the parties... ." 281 So.2d at 381, citing Granoff v. Cherin, 270 So.2d 430 (Fla.App.3rd 1972); Kittel v. Kittel, 210 So.2d 1 (Fla. 1967); Thibert v. Thibert, 106 So.2d 918 (Fla.App.3rd 1958).
Judge Wigginton also noted that neither case cited by the First District majority supports taxation of attorney's fees as costs. In both cases, the costs awarded were solely for payment of expenses incurred in obtaining depositions, photographs, and witnesses, not for payment of attorney's fees.
We hold attorney's fees are not recoverable as part of the taxable costs for taking a voluntary dismissal for the reasons expressed by Judge Wigginton.
We affirm the decision of the Fourth District Court of Appeal and discharge the petition for certiorari.
It is so ordered.
ROBERTS, ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
HATCHETT, J., dissents.
NOTES
[1] Art. V, Sec. 3(b)(3), Fla. Const.