397 So.2d 345 (1981)
Phillip E. BAUCOM, Appellant,
v.
Ruby D. BAUCOM, Appellee.
No. 79-1454.
District Court of Appeal of Florida, Third District.
April 7, 1981.
Rehearing Denied May 8, 1981.
Smathers & Thompson and Cromwell A. Anderson and Keith E. Hope, Miami, for appellant.
Sinclair, Louis, Seigel, Heath, Nussbaum & Zavertnik and John L. Zavertnik, Miami, for appellee.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
HUBBART, Chief Judge.
This is an appeal by a husband in a marriage dissolution action from a final judgment entered below ordering him to pay an attorney's fee to his wife's former attorneys, upon the wife's proper motion, for services rendered to the wife at the trial level. We find no abuse of discretion in the trial court's entry of the attorney's fee award herein, and accordingly, we affirm the judgment appealed from. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Pfohl v. Pfohl, 345 So.2d 371 (Fla. 3d DCA 1977).
*346 The wife's former attorneys have also filed a motion here in their own name seeking an award of attorney's fees pursuant to Section 61.16, Florida Statutes (1979) [as amplified by § 59.46(1), Fla. Stat. (1979)], for legal services allegedly rendered to the wife upon this appeal. Section 61.16, Florida Statutes (1979), provides as follows:
"The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."
Section 59.46(1), Florida Statutes (1979), provides as follows:
"In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal."
Prior to filing the above motion, the said attorneys were granted permission by this court to withdraw as counsel for the wife on this appeal and to proceed as an interested party to enforce the attorney's fee award entered below from which this appeal is taken. See § 61.16, Fla. Stat. (1979). Thereafter, the said attorneys filed a brief in this court in their own behalf, which brief the wife, through her present counsel of record, specifically adopted by subsequent pleading. The said attorneys also presented an oral argument before this court in support of their position as an interested party herein.
We have concluded, after considerable deliberation upon receiving briefs from the parties thereon, that the motion for attorney's fees must be denied. We base this ruling on two grounds, either one of which standing alone is sufficient to defeat the motion.

A
First, the wife herein did not file the motion for attorney's fees which, as we see it, is fatal to an attorney's fee recovery in this case under the above statute. The primary purpose of the said statute is to insure that both parties to a marriage dissolution action have a similar ability to obtain counsel. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Bullard v. Bullard, 380 So.2d 1090, 1092 (Fla.3d DCA 1980). Where a party lacks such ability to retain counsel, the statute authorizes the court to order the opposing party to pay reasonable attorney's fees to the party in need. Implicit therein is the requirement that the party lacking the adequate resources to obtain counsel must apply to the court for an award of attorney's fees under the statute; the party's attorneys themselves have no standing under the statute to apply for such an award.
It is true that upon proper motion the trial court may enter an attorney's fee award requiring that payment be made directly to the attorneys involved and that said attorneys may thereafter seek to enforce that award in their own name. But the statute does not authorize the attorneys themselves to make application, as urged here, for their own fees. It is equally true that the wife's former attorneys in this case have been permitted by this court to proceed as an interested party upon this appeal, but that was only for the limited purpose of seeking to sustain the trial court award of attorney's fees to them which had been sought below by the wife for legal services rendered at the trial level. Our order on that matter did not bootstrap the wife's former attorneys into the shoes of the wife so that they, instead of she, could apply for an award of attorney's fees in this court under the statute. The statute, in our view, contemplates that only a party to a marriage dissolution action may apply for such an award of attorney's fees.

B
Secondly, the bulk, if not the entirety of the legal services performed by the *347 wife's former attorneys upon this appeal, was rendered after they no longer represented the wife. The said attorneys filed their brief herein and made their oral argument before this court at a time when they were proceeding in their own behalf as an interested party. True, these services incidentally benefited the wife herein, but such incidental benefit cannot constitute compensable legal services to the wife under the above statute.
Although we recognize that technically some minimal legal services may have been rendered prior to the attorneys' withdrawal of counsel for the wife herein, we regard the legal work in totality here as essentially performed in defending their own interests as a party herein. It is elementary that a trial court has no authority to award attorney's fees under the above statute for legal services which have not, in fact, been rendered to the party seeking such fees. See e.g., Tart v. Prebish, 257 So.2d 616 (Fla.3d DCA 1972); Fla.Bar Code Prof.Resp., D.R. 2-106.
Affirmed. Motion for attorney's fees denied.