RYDER, Judge.
In this interlocutory appeal, Flora Wiggins challenges the order of the circuit court taxing costs and denying attorney’s fees. The facts are simple and undisputed. J. J. Wiggins filed a dissolution petition, but six months later filed a notice of voluntary dismissal. When Flora Wiggins sought an order awarding costs and attorney’s fees, the court awarded costs but claimed it had lost jurisdiction to award fees when Mr. Wiggins filed his voluntary dismissal.
It is generally true that a voluntary dismissal divests the trial court of jurisdiction for purposes of awarding attorney’s fees. Campbell v. Maze, 339 So.2d 202 (Fla.1976). In Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla.1978), the court held that once a party files a notice of voluntary dismissal, the trial court cannot grant relief from such dismissal. Id. at 69. The court mentions attorney’s fees as one of many litigation costs that cannot be recovered following a voluntary dismissal and appears to announce a strict jurisdictional rule regarding the overall effect of a voluntary dismissal. However, that portion of the opinion relating to attorney’s fees was not necessary to the decision in that case and recent cases arising, like the case sub judlce, in the context of marriage dissolution have adopted a more equitable solution.
In Bolton v. Bolton, 412 So.2d 72 (Fla. 2d DCA, 1982), we held squarely that in a dissolution proceeding the trial court *692 retains jurisdiction to award attorney’s fees even after the filing of a notice of voluntary dismissal. See Irwin v. Marko, 408 So.2d 677 (Fla. 5th DCA 1982); Knott v. Knott, 395 So.2d 1196 (Fla. 3d DCA 1981); Hadlock v. Hadlock, 137 So.2d 873 (Fla. 2d DCA 1962). That being the case, the trial court erred when it refused to consider the merits of the motion for attorney’s fees.
Accordingly, we REVERSE and REMAND this case to the trial court for further proceedings.
OTT, J., concurs.
GRIMES, Acting C. J., concurs specially with opinion.