WENTWORTH, Judge.
Appellant husband petitioned, and wife counter-petitioned, for a dissolution of marriage. After a continuance of more than one year, husband and wife reconciled and stipulated to a dismissal of their petitions. Five days prior to the filing of the stipulated dismissal, the appellee Hucker, wife’s counsel, without the consent of his client and on his own behalf, filed a motion for attorney’s fees to be paid by the husband, or by the wife, or both. Without considering the stipulated dismissal, the trial court entered an order setting a hearing on the motion for attorney’s fees. After hearing the trial court entered an order awarding the wife’s attorney a fee of $3,500, $2,000 of which was to be paid by the husband. The order also denied the husband’s motions for a continuance, to quash, and for a summary judgment of dismissal. The husband, alone, appeals the award on the grounds (1) that only a party is authorized to seek attorney’s fees under § 61.16, Florida Statutes (1981), and (2) that the trial court erred in ordering the husband to pay $2,000 when the wife was capable of paying her own fee and had not sought such an order. We reverse in part, confining our review to matters ad *478 versely affecting and therefore appealable by the husband.[1]
We note first that the appellee, wife’s attorney, is properly before this court under the provisions of § 61.16, Florida Statutes (1981), which permits an attorney to defend or enforce an award ordered in his own name. See Baucom v. Baucom, 397 So.2d 345 (Fla. 3d DCA 1981).
Section 61.16, Florida Statutes (1981), construed in Baucom, “contemplates that only a party to a marriage dissolution action may apply for such an award of attorney’s fees.” Id. at 341. The record in this case shows, and the parties agree, that the wife did not seek such an award and that she filed an affidavit of solvency averring that she had ample funds and ample assets to pay a reasonable attorney’s fee, but that her attorney had never submitted a bill for his services detailing the time spent on her case. We therefore conclude that appellant is entitled by this appeal to challenge the award against him and, for the reasons stated in Baucom’s application of the cited statute, we reverse and remand with directions to amend the order by deleting that portion ordering the husband to pay $2,000 of the $3,500 fee.
REVERSED and REMANDED with directions.
LARRY G. SMITH and JOANOS, JJ., concur.

. See Cassel v. Gulf Life Insurance Co., 143 So.2d 510, at 515 (2d DCA 1962), quoting Day v. Norman, 42 So.2d 273 (Fla.1949):
No appeal has been taken by any other of the several defendants. Consequently, we should not and do not consider the position taken in the court below by any of them, nor can this appellant assert their rights to a reversal if any exist, (e.s.)
See also Lynn v. City of Ft. Lauderdale, 81 So.2d 511, 513 (Fla.1955), and 3 Fla.Jur.2d, Appellate Review, § 283.