446 So.2d 1078 (1984)
J.J. WIGGINS, Petitioner,
v.
Flora E. WIGGINS, Respondent.
No. 62535.
Supreme Court of Florida.
March 8, 1984.
John M. Hathaway, Punta Gorda, for petitioner.
George O. Kluttz, Fort Myers, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of the decision below, reported as Wiggins v. Wiggins, 417 So.2d 691 (Fla. 2d DCA 1982). Review is sought on the ground of conflict of decisions. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner J.J. Wiggins instituted an action for dissolution of marriage. His wife Flora Wiggins filed a response in which she asked for an order of attorney's fees. Subsequently the husband filed a notice of voluntary dismissal as permitted under Florida Rule of Civil Procedure 1.420(a). After the husband's dismissal of the action, the wife filed a motion for assessment of costs and attorney's fees. The trial court granted the motion for costs but held that it was without jurisdiction to consider an order awarding attorney's fees.
On appeal the district court reversed and held the trial court had jurisdiction to consider the request for an award of attorney's fees. The district court recognized that past decisions of this Court have indicated that a voluntary dismissal divests the court of jurisdiction to award attorneys fees. See Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla. 1978); Campbell v. Maze, 339 So.2d 202 (Fla. 1976). In Randle-Eastern this Court said that Florida Rule of Civil Procedure 1.420(d) provides "authority for defendants *1079 to recoup their court costs when a voluntary dismissal has been taken. There is no recompense, however, for a defendant's inconvenience, his attorney's fees, or the instability to his daily affairs which are caused by a plaintiff's self-aborted lawsuit." 360 So.2d at 69 (footnote omitted). The district court's majority opinion pointed out that the language in Randle-Eastern, to the effect that attorney's fees cannot be ordered after a voluntary dismissal, was obiter dicta.
Florida Rule of Civil Procedure 1.420(d) provides for the assessment of costs upon the dismissal of an action. The rule does not, however, contemplate the assessment of attorney's fees. Moreover, the term "costs" is not generally understood as including attorney's fees. State ex rel. Royal Insurance Co. v. Barrs, 87 Fla. 168, 99 So. 668 (1924). However, when the legislature has specifically defined attorney's fees as part of the costs, then the assessment of attorney's fees after a case has been voluntarily dismissed is within the purview of Rule 1.420(d). City of Hallandale v. Chatlos, 236 So.2d 761 (Fla. 1970); Gordon v. Warren Heating & Air Conditioning, 340 So.2d 1234 (Fla. 4th DCA 1976). Thus at the time the Randle-Eastern case was decided, this Court had recognized that a trial court could retain jurisdiction to award attorney's fees after a voluntary dismissal, at least in cases where attorney's fees were defined by statute as part of the costs.
This Court's decision in Campbell v. Maze, 339 So.2d 202, 203 (Fla. 1976), was not based on the holding that the voluntary dismissal divested the court of jurisdiction to award attorney's fees, but, rather, on the fact that there was no authority whatsoever for an award of attorney's fees, regardless of the dismissal.
In an action for dissolution of marriage, the trial court is authorized by statute to order one party to pay the other's attorney's fees "from time to time, after considering the financial resources of both parties." § 61.16, Fla. Stat. (1981). We therefore hold that when a dissolution of marriage action is terminated upon the filing of a voluntary dismissal by the petitioner, the court has the authority to enter an order assessing not only costs, but also a reasonable attorney's fee. See Turnipseed v. Turnipseed, 158 So.2d 808 (Fla. 1st DCA 1963).
Accordingly, we approve the decision of the district court of appeal.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.