PER CURIAM.
Following our opinion, Irwin v. Marko, 417 So.2d 1108 (Fla. 4th DCA 1981), the Honorable Paul M. Marko, Judge of the Circuit Court of the Seventeenth Judicial Circuit entered an order of recusement in the fall of 1982, copies of which were sent to respective counsel. The matter was thereafter reassigned to Judge Estella May Moriarty, Circuit Court Judge of the Seventeenth Judicial Circuit. There is nothing in the record that indicates when counsel for the Irwins received the actual notice of this reassignment. In any event, on March 24, 1983 they received an order, entered ex parte, setting the matter for hearing on April 25, 1983 before Judge Moriarty as to the amount of attorney’s fees to be awarded to counsel for Mrs. Irwin. Immediately upon the receipt of this order, the lead counsel for the Irwins, Mr. William Klein,[1] of Sarasota, Florida, filed a motion for continuance containing among its grounds the fact that Mr. Klein had been previously scheduled to be present in a federal court in Indiana between the period, April 13th through April 29, 1983, and possibly extending over an additional week as a defense counsel in a pending federal criminal prosecution. The trial court, ex parte, summarily denied this motion on April 11, 1983 and subsequently denied all other attempts to secure a continuance and proceeded with the hearing as scheduled which resulted in an attorney’s fee order, and costs totaling $131,498.42. This appeal ensued.
Points urged for reversal are, first, that the trial court had no jurisdiction to entertain a motion for attorney’s fees by the counsel of record after the parties had dismissed the original dissolution proceedings, second, that the trial court erred in refusing to permit the parties to amend their pleadings to state a counterclaim and third-party-claims, third, that the trial court erred in denying the several motions for *1120 the continuance, and lastly, that the evidence failed to establish the wife’s need and the husband’s ability to pay. We find no merit in the first point. The earlier Marko opinion found in 417 So.2d 1108 expressly authorized such a proceeding. The parties to a domestic litigation matter may not settle it and thereby attempt to escape liability for attorney’s fees. Wiggins v. Wiggins, 446 So.2d 1078 (Fla.1984) affirming Wiggins v. Wiggins, 417 So.2d 691 (Fla. 2d DCA 1982); Irwin v. Marko, 408 So.2d 677 (Fla. 4th DCA 1982); Knott v. Knott, 395 So.2d 1196 (Fla. 3d DCA 1981); Turnipseed v. Turnipseed, 158 So.2d 808 (Fla. 1st DCA 1963); Hadlock v. Hadlock, 137 So.2d 873 (Fla. 2d DCA 1962).[2] As to the second point, we find no error in refusing to permit an amendment to the pleadings. Previously the parties’ pleadings had been stricken and no appeal' from these orders had been taken. We do find error in the trial court’s refusal to grant a continuance. There was no dispute that Mr. Klein was under a previous federal court mandate to be present in another state during the time the matter was set for hearing. He immediately brought this to the attention of the trial court upon receipt of the order setting the April 25, 1983, hearing and it was an abuse of discretion not to continue the matter under these circumstances. Ford v. Ford, 150 Fla. 717, 8 So.2d 495 (1942); Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933); Thompson v. General Motors Corporation, Inc., 439 So.2d 1012 (Fla. 2d DCA 1983); In Re Estate of Rutherfurd, 304 So.2d 517 (Fla. 4th DCA 1974); Diaz v. Diaz, 258 So.2d 37 (Fla. 3d DCA 1972). This case had been pending for many years, another month delay in determining the amount to be awarded as attorney’s fees would not have been detrimental to any of the parties. See 402 So.2d 1353 (Fla. 4th. DCA 1981). Lastly, we find no error under the facts as established in this record as to the husband s ability to pay and the wife’s needs. It is true that this evidence comes from material developed during the course of the divorce proceedings, which are now several years old, however, the Irwins, both husband and wife, have consistently resisted discovery proceedings, at least since reconciliation, and therefore if they desire to contest the husband’s ability to pay and the wife’s inability, it is their burden under this record.
Therefore for the reasons above stated the order awarding fees is reversed and the cause is remanded for further proceedings, upon due notice, as to the amount of fees due to the wife’s attorneys.[3]
Reversed and remanded with directions.
BARKDULL, THOMAS H., Jr., HUB-BART, PHILLIP A., and JORGENSON, JAMES R., Associate Judges, concur.

. Mr. Klein did not appear in this case until 3 days before the scheduled hearing on fees in 1982 and since that time has been the lead counsel on this issue. There has been a local counsel, but it is apparent from the record that the fees issue was always handled by Mr. Klein.

. The Irwins relied heavily on Baucom v. Bau-com, 397 So.2d 345 (Fla. 3d DCA 1981). The facts are clearly distinguishable. In the Bau-com case, counsel had obtained an order of withdrawal prior to moving for fees, no such event had occurred in the instant case.

. At this reconvened hearing the quality of the work performed by the attorneys may be examined, as well as the quantity, even though no counterclaim or third-party complaint has been permitted.