# A1A WATERPROOFING & INSULATION, INC. v ROSS

## Case No. 86-158 AP (County Court Case No. 86-4336CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

June 16, 1987

### APPEARANCES OF COUNSEL

**Michael J. Fingar** for appellant.

**Burton D. Greenfield** for appellee.

Before SALMON, MASTOS, SHAPIRO, JJ.

### OPINION OF THE COURT

MASTOS, T., Judge.

Appellant, A1A Waterproofing and Insulation, Inc., a Florida Corporation, appeals from the "Order Denying Defendant's Motion to Vacate Default and Default Final Judgment" rendered on July 22,

1986, by the trial court. The Order in question that denied Appellant's requested relief left intact the Default and Default Final Judgment which had been previously entered by the trial court on June 20, 1986.

The Appellee had commenced this action on March 10, 1986, alleging damages as a result of having to reduce the sale price of certain real property she owned. She sought to attribute this reduction of the sale price to the Appellant's refusal to repair a roof on the said property, arguing that Appellant was required to make such repairs under the express terms of a written warranty set out in the original contract between the parties. The original contract specified that for $1,350.00 Appellant would repair the roof.

Appellant's agent, a Guillermo Torres, responded to the Complaint with a document styled "Defendant's Motion for Dismissal", consisting of two typewritten pages and eight pages of exhibits.

After notice, the trial court entered an order denying "Defendant's Motion for Dismissal" and dismissed the document without prejudice due to Appellant's failure to appear through counsel; and conferring upon Appellant 20 days leave to respond to the Complaint.

On June 9, 1986, the agent, Mr. Torres, served a sworn Motion to enlarge the time required for responding to the Complaint by 15 days, alleging that corporate counsel was unavailable at present and would remain so until June 30, 1986. Almost contemporaneously, Appellee noticed Appellant on her Motion for Entry of Default and Default Final Judgment which was to be heard on June 20, 1986.

On June 20, 1986, the trial court did, in fact, entertain and grant Appellee's Motion for Entry of Default and Default Final Judgment. Thereafter, on June 25, 1986, Appellant, through counsel, served a motion seeking a vacation of the Default and Default Final Judgment entered thereon. That Motion was denied by the trial court on July 22, 1986.

The Default Final Judgment ordered that Appellee recover from Appellant $3,500 plus $55.50 cost for a total of $3,550.50. It must again be noted that the original repair work done by Appellant cost only $1,350.00.

That a $1,350.00 repair job could catapult itself into a $3,500.00 Default Final Judgment is, to say the least, unconscionable on its face. It is necessary, then, to reverse and remand this case for proceedings not inconsistent herewith.

Because it is so clear that the trial court abused its discretion in

**176**

denying the Motion to Vacate Default and Default Final Judgment, we find it unnecessary to discuss the other points raised on appeal. See *Szteinbaum v. Kaes Inversiones y. Valores, C.A.*, 476 So.2d 147 (Fla. 3d DCA 1985); *Estate of Rutherford*, 304 So.2d 517 (Fla. 4th DCA 1974); *Irwin v. Irwin*, 455 So.2d 1118 (Fla. 4th DCA 1984); *Hub Financial Corporation v. Olmetti*, 465 So.2d 618 (Fla. 4th DCA).

REVERSED AND REMANDED.