PARKER, Judge.
Roberto Rene Garcell appeals the trial court’s order determining that it lacked jurisdiction to consider his motion for attorney’s fees and costs on the grounds that Bennie R. Holder, the Chief of Police, had filed a voluntary dismissal with prejudice of a forfeiture action which sought money seized from Gar-cell during an arrest involving a drug transaction. We reverse.
Following the Tampa Police Department’s seizure of $95 from Garcell after his arrest for purchasing cocaine, Chief Holder filed an action for forfeiture of the money pursuant to chapter 932, Florida Statutes (1995).[1] The trial court scheduled an adversarial prelimi *1178 nary hearing and a hearing on Garcell’s motion to dismiss and motion for attorney’s fees for the same date. However, prior to the hearing, Chief Holder filed a voluntary dismissal with prejudice. Garcell then scheduled a hearing on his motion for attorney’s fees pursuant to section 932.704(10), Florida Statutes (1995), which provides for an award of reasonable attorney’s fees and costs, up to $1000, if the trial court finds no probable cause for the property seizure. After a brief hearing, the trial judge determined that he had no jurisdiction to hear the motion due to Chief Holder’s filing of a notice of voluntary dismissal. We reverse.
The trial court had jurisdiction to determine the attorney’s fee issue following Chief Holder’s voluntary dismissal of the forfeiture action. See Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986) (when a plaintiff takes a voluntary dismissal, the trial court has jurisdiction to award attorney’s fees where the fees are authorized by statute or contract); Giachetti v. Johnson, 308 So.2d 143 (Fla. 2d DCA 1975).
Reversed and remanded for a hearing on the merits of Garcell’s entitlement to attorney’s fees.
THREADGILL, C.J. and QUINCE, J., concur.

. The action also sought to forfeit a vehicle seized from a codefendant.