KAHN, C.J.
Appellant seeks review of a final order granting fees to Appellee, Travelers Insurance Co., pursuant to section 440.32(2), Florida Statutes (2002). That statute provides:
If the judge of compensation claims or any court having jurisdiction of proceedings in respect to any claims or defense under this section determines that the proceedings were maintained or continued frivolously,' the cost of the proceedings, including reasonable attorney’s fees, shall be assessed against the offending attorney. If a penalty is assessed under this subsection, a copy of *377 the order assessing the penalty must be forwarded to the appropriate grievance committee acting under the jurisdiction of the Supreme Court. Penalties, fees, and costs awarded under this provision may not be recouped from the party.
Appellant raises three points: (1) the JCC lacked jurisdiction to award fees under this statute because Appellant had served a Notice of Voluntary Dismissal as to Travelers; (2) the evidence was not sufficient to support the JCC’s award of fees; and (3) the JCC abused his discretion in allowing Travelers’ witnesses to testify at the evidentiary hearing on attorney’s fees. We affirm the latter two points without further discussion.
We also find no merit to Appellant’s first point. According to Florida law, “after a voluntary dismissal by a plaintiff the trial court does have jurisdiction to award attorney’s fees where the fees are authorized by statute or a contract between the parties.” Stuart Plaza, Ltd. v. Atl. Coast Dev. Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986); accord. Garcell v. Holder, 689 So.2d 1177, 1178 (Fla. 2d DCA 1997); Century Constr. Corp. v. Koss, 559 So.2d 611, 612 (Fla. 1st DCA 1990). Moreover, although Appellant served a Notice of Voluntary Dismissal as to Travelers, the claim pending before the JCC was never dismissed. “Any attempt to dismiss less than the entire action is a nullity, and does not terminate the court’s jurisdiction.” Perez v. Winn-Dixie, 639 So.2d 109, 112 (Fla. 1st DCA 1994). At all relevant times, the JCC here had jurisdiction over the claim, Appellant, and Travelers.
AFFIRMED.
LEWIS and POLSTON, JJ., concur.