OWEN, Judge.
A former husband appeals from an order modifying a final divorce decree, such post decree order requiring appellant to pay a sum of money to the personal representative of the estate of his deceased former wife. We reverse the order appealed.
A chronological résumé of the events leading up to the order appealed will be helpful.
In March, 1965, appellant and his then wife, Ruth, executed a written “Separation Agreement” by which they not only settled all property rights, but also provided for appellant to pay to the wife for her support and maintenance the sum of $900 per month during their joint lives and so long as the wife did not remarry. Shortly thereafter Ruth filed suit for divorce. A final decree granting such divorce was entered April 27, 1965, which approved the aforesaid agreement and incorporated it by reference, the parties being ordered to comply with its terms.
In August, 1966, upon petition of appellant, the court entered an order modifying the final decree to permit appellant to decrease the monthly alimony payments to $750 for a period of twelve months, at the termination of which time • the amounts would again revert to $900 per month. However, prior to the expiration of the twelve-month period, upon appellant’s *330 further petition an order was entered on June 21, 1967, temporarily relieving the appellant of all monthly alimony payments, the court finding that the appellant had been forced to cease his practice as a medical doctor to undergo treatment for a mental illness. This order did award a judgment for arrearage and attorneys’ fees, and set a hearing in December, 1967, to reconsider the circumstances of the parties. In December, 1967, upon agreement of counsel that the matter was not yet ready for a reappraisal, due to the fact that appellant had just recently recommenced his medical practice, the court set a hearing for April 30, 1968, for the purpose of reappraising the financial abilities of appellant.
On March 22, 1968, the appellant and his former wife, with the advice of their respective counsel, entered into a written agreement by which they -sought to fully settle all claims which Ruth had against appellant, expressly providing that upon payment of the agreed sums appellant was fully released and discharged from further liability on all obligations to Ruth. Essentially the agreement called for payment of certain specified items (including the arrearage theretofore adjudged against appellant) the total of which aggregated approximately $26,000. Among the several provisions of the written agreement was a paragraph styled, “III. Incorporation of Agreement Into the Judicial Decree”, reading as follows:
“Each party agrees that they will promptly apply to the court for an order modifying the existing final decree of divorce as provided for herein and this Agreement is conditioned upon the court accepting this Agreement and incorporating same as an amendment to the final decree.”
Notwithstanding the quoted provision, the contract also provided for a portion of the payments to be made at the time of executing the agreement (which necessarily would be prior to obtaining court acceptance of the agreement) which reduced the balance to $23,000. This balance was scheduled to be paid in 10 monthly installments of $2,000 each, and one final installment of $3,000. The first installment of $2,000 due April 1, 1968, was paid by appellant.
On April 8, 1968, Ruth died, the agreement at that time still not having been presented to or accepted by the court as an amendment to the final decree. Appel-lee, as personal representative of Ruth’s estate, was substituted as a party and in March, 1969, filed its petition for modification of the final decree asking the court to (1) approve the written agreement, (2) modify the final decree accordingly, and (3) order appellant to pay the remaining $21,000 to the personal representative of Ruth’s estate. On August 7, 1969, the court entered its order in accordance with the prayer of the petition, which is the order appealed.
At the outset we make it clear that we make no determination on the question of whether appellant is contractually liable to appellee under either of the written agreements which appellant and Ruth executed. That issue is or may be the subject of one or more separate actions between these parties. The question here, as we view it, is whether a court of equity may modify the alimony provisions in a final divorce decree subsequent to the death of the former wife.
In the order appealed the trial court recognized that the intention of the parties to the written agreement of March 22, 1968, was to settle and liquidate all past and future claims which Ruth had against appellant. However, the court was of the view that the agreement did not provide for alimony, but rather was “in lieu of all claims of alimony” [the language employed in the agreement]. In the order the court expressed the view that appellant, having agreed to the settlement and having partially performed • by making the initial payments called for thereunder, could not be *331 heard to now maintain that the payments were alimony and that consequently his liability under the agreement ceased upon Ruth’s death. Finally, the court concluded that the clause making the agreement conditional upon the court’s acceptance should not prevent recovery because it was inconceivable that the court would have disapproved the agreement in view of the circumstances of the parties having resolved on their own terms the only issue remaining in a long and unpleasant course of litigation.
Notwithstanding the trial court’s determination that the agreement did not provide for alimony, we are of the opinion that such agreement, when viewed in its proper prospective, could not be for anything other than lump sum alimony. The original “separation agreement” which the parties executed in March, 1965, provided for a settlement of their property rights, and the final divorce decree which incorporated such agreement as part of its provisions had the effect of finally settling such property rights. Finston v. Finston, 1948, 160 Fla. 935, 37 So.2d 423. The record is clear that the only relevant exec-utory provision of such separation agreement and hence, for our purposes, the only continuing obligation on appellant under the terms of the final decree[1] was the continuing obligation on appellant to pay to Ruth as support and maintenance the sum of $900 monthly during their joint lives and until she remarried. The nature of these payments was clearly that of alimony. The fact that the court, under authority of F.S. section 61.14, F.S.A., twice entertained appellant’s petitions to modify this provision of the final decree is tacit recognition that the provision did pertain to alimony (which was the only modifiable portion of the final decree, cf. Putnam v. Putnam, Fla.App.1969, 226 So.2d 30; Ohmes v. Ohmes, Fla.App.1966, 200 So.2d 849), and the modification orders expressly recognized such payments as alimony. The stated purpose of the court having tentatively scheduled a hearing for April 30, 1968, was to allow the court to reappraise the appellant’s financial abilities, obviously to be followed by the entry of an order requiring the payment of alimony in some amount. The imminent entry of such an order as well as a desire to avoid the type of inquiry which might normally be expected in an adversary hearing, were undoubtedly motivating factors which induced appellant to enter into the agreement on March 22, 1968. The fact remains that notwithstanding language in the agreement that the agreed sum would be “ * * * in lieu of all claims of/alimony”, appellant then had no outstanding obligation to Ruth, nor did Ruth have any valid claim against appellant, except as related to past, present and future alimony. It must, therefore, be recognized for that which it clearly was, an agreed lump sum of alimony to be paid in eleven monthly installments.
As an agreement pertaining to alimony, the court could have accepted it or rejected it, but in any event the parties could not by contract divest the court of its jurisdiction to determine the amount of alimony within its judicial discretion. Dawkins v. Dawkins, Fla.App.1965, 172 So.2d 633. Certainly there is no reason to doubt that had Ruth not died and the hearing had been held on April 30, 1968, as scheduled by the court, the written agreement would have been accepted and approved by the court and final decree modified accordingly.[2] Had that occurred we *332 would have no difficulty in concluding that the modification of the final decree, made at a time when the court had jurisdiction to require appellant to pay alimony, would have fixed appellant’s obligation for the entire lump sum as of the time of the modification, even though Ruth’s death should occur thereafter but prior to all of the installments having been paid.
We again emphasize that we are here concerned only with court ordered alimony (as contrasted with a contractual obligation). As of the time of Ruth’s death the modifying order which was then in effect had relieved appellant of all payments until further order of the court. Such anticipated further modification order of court, which would be effective when entered, could only be entered while the court retained jurisdiction to modify. But the obligation for alimony afforded by a final divorce decree terminates upon the death of the former wife. In re Estate of Freeland, Fla.1965, 182 So.2d 425. Thus, when all obligation for alimony under the final decree terminated by virtue of the death of the ex-wife, the court no longer had jurisdiction to consider a petition for modification of alimony provisions irrespective of whether such petition would have been supported by testimony or (as in this case) by a written stipulation of the parties. Appellant’s obligation for court awarded alimony was therefore limited to that which the court had awarded up to the time of Ruth’s death. The evidence is undisputed that appellant had paid Ruth the arrearage which had been adjudged in the order of June 21, 1967, which same order had temporarily relieved him of further monthly obligation and was still continuing in effect.
The order appealed is reversed and the cause remanded with instructions that the court enter its order dismissing the bank’s petition for modification of the final decree, without prejudice to any rights which appellee may have under either of the written contracts between appellant and his former wife.
Reversed and remanded.
CROSS, C. J., and McCAIN, J., concur.

. It is noted that the agreement of March 1965, expressly provided that it was not to be merged in the decree but was to survive the same and be forever binding upon the parties. However, in this case we are not considering any question of appellant’s contractual obligations, but only his financial obligations under the final decree or modifications thereof.

. We do not need to consider whether this condition was waived by the parties or whether the court’s subsequent approval was a fulfillment of the condition, as our decision turns entirely upon the court’s lack of authority to modify alimony provisions in a final decree subsequent to the death of the former wife.