418 So.2d 1007 (1982)
Leonard ADLER, Appellant,
v.
Stephen Paul ADLER, As Personal Representative of the Estate of Dorothy E. Adler, Deceased, Appellee.
Nos. 81-1269, 81-1270 and 81-1271.
District Court of Appeal of Florida, Third District.
March 2, 1982.
Richard H.W. Maloy, Coral Gables, for appellant.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Bertha Claire Lee and Ray H. Pearson, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
HENDRY, Judge.
Dorothy and Leonard Adler were divorced in October, 1978 after thirty-eight years of marriage. Due to Dorothy's declining health, the proceedings were bifurcated with jurisdiction retained by the trial court to determine property rights, alimony, attorney's fees and costs. Mrs. Adler died in November, 1978 and her son (appellee herein), as personal representative of her estate, was substituted in her place. Thereafter, Mr. Adler moved to amend his answer to assert a counterclaim alleging a special equity in jointly held assets, but the motion was denied.[1]
*1008 Mr. Adler now seeks review of various provisions of the final judgment. The majority of the contentions raised fall within the trial court's discretion and may not be overturned by this court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977). With the exception of one error in the order to which appellee has confessed, the judgment is affirmed. This error and the attorney's fee award require some discussion.
The trial court's award of $40,000 in attorney's fees to his wife is challenged by Mr. Adler on the basis that her ability to pay for this service was equal to or greater than his. We find no abuse of discretion in the trial court's award. One spouse need not be completely unable to pay attorney's fees before the other spouse may be required to pay such fees. Canakaris v. Canakaris, supra; Wilds v. Wilds, 399 So.2d 1038 (Fla. 3d DCA 1981). Nor do we find the amount of fees excessive in light of the results achieved and the respective financial circumstances of the parties. Posner v. Posner, 315 So.2d 175 (Fla. 1975); Meltzer v. Meltzer, 400 So.2d 32 (Fla. 3d DCA 1981); Adams v. Adams, 376 So.2d 1204 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1109 (Fla. 1980).
Mr. Adler also alleges that his wife's estate is not a "party" within the terms of Section 61.16, Florida Statutes, so as to be entitled to an award of fees for services rendered. We disagree. Under this statute, a party entitled to an award of attorney's fees must be one who is either obligated by a dissolution judgment to pay certain sums to the other party, or to receive payment from the other party. Price v. Price, 382 So.2d 433 (Fla. 1st DCA 1980). As can readily be seen, Mrs. Adler's estate was bound by the final judgment of dissolution, in this case, to receive payment from the other party. Upon Mrs. Adler's death, her personal representative was substituted as party plaintiff and succeeded to her right to receive attorney's fees for all legal services performed on her behalf both before and after her death. See Sec. 733.612(20), Fla. Stat.
Secondly, Mr. Adler contends that the trial court miscalculated in the division of jointly owned property. Indeed, an error of $1,285.68 has been acknowledged by appellee with respect to the property division. Thus, Mrs. Adler's estate is due $141,366.11, not $142,651.79 as the trial court ordered. Accordingly, the final judgment is modified to reflect a $1,285.68 reduction in the estate's share of the parties' jointly owned property. In all other respects, the judgment appealed is affirmed.
Affirmed as modified.
NOTES
[1] Certiorari review of the order was denied by this court in Adler v. Adler, 376 So.2d 85 (Fla. 3d DCA 1979).