519 So.2d 1056 (1988)
Robert HIRSCH, Appellant,
v.
Gertrude HIRSCH and Mass Market Products, Inc., Appellees.
No. 87-1455.
District Court of Appeal of Florida, Fourth District.
January 27, 1988.
Rehearing and Certification Denied March 1, 1988.
Max Rudmann of Martin Zevin, P.A., Boca Raton, for appellant.
Lyons and Sanders, Fort Lauderdale, and Larry Klein and Jane Kreusler-Walsh of Klein & Beranek, P.A., West Palm Beach, for appellees.
ANSTEAD, Judge.
This case presents the issue of whether a trial court in a dissolution action retains jurisdiction to award attorney's fees, accountant's fees and costs to a spouse's estate after the cause of action abates due to the spouse's death prior to final judgment. We affirm the award of fees.
After a 25-year marriage, Robert Hirsch initiated dissolution proceedings. His wife Gertrude answered and also filed a counterclaim including a request for attorney's and accountant's fees and costs. After the first day of trial, the court reserved jurisdiction to consider an award of fees and costs. Due to the judge's crowded docket, several weeks elapsed between the first and the second day of trial. In the interim, Gertrude died. Gertrude had no separate estate and upon her death everything the couple owned passed to Robert as her surviving spouse. At the time of her death, Gertrude owed her attorneys $11,020.35 and an expert accounting witness $20,087.50, and had no assets in her estate to pay the fees. The trial court, after an evidentiary hearing, assessed these costs against the husband.
While this issue appears for the first time in this district, it was considered by the Third District years ago in Rosenhouse v. Ever, 150 So.2d 732 (Fla. 3d DCA 1963). In a brief opinion, the 3rd DCA held that "the death of the wife abated the suit as to divorce and also as to an application for attorney fees which was a matter growing out of and incidental to the cause of action for divorce." There is a split of authority among other states on this issue. Several states, e.g., Arkansas and South Carolina, follow the rule as stated in Rosenhouse. In Illinois, Kentucky, Texas, and Indiana,[1] however, courts have approved awards following the lead of the New Jersey Supreme Court in Williams v. Williams, 281 A.2d 273, 59 N.J. 229 (1971).
Section 61.16, Florida Statutes (1985), provides broad authority to trial courts to assess costs and attorney's fees:
Attorney's fees, suit money, and costs.  The court may from time to time, after considering the financial resources of both parties, order a party to pay a *1057 reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
Florida courts have been authorized to award attorney's fees and costs in a variety of cases where, for various reasons, the action terminates before entry of final judgment. For example, in Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984), the supreme court construed section 61.16 to allow a court to assess attorney's fees and costs after the filing of a voluntary dismissal by the petitioner. See also Irwin v. Irwin, 455 So.2d 1118 (Fla. 4th DCA 1984), and Knott v. Knott, 395 So.2d 1196 (Fla. 3d DCA 1981). In Adler v. Adler, 418 So.2d 1007 (Fla. 3d DCA 1982) this principle was applied in a bifurcated divorce case where the wife died after dissolution but before the determination of property rights. In rejecting the husband's contention that his wife's estate was not entitled to an award of attorney's fees, the Third District held that under section 61.16, "a party entitled to an award of attorney's fees must be one who is either obligated by a dissolution judgment to pay certain sums to the other party, or to receive payments from the other party." (Citation omitted.) Adler, at 1008. The court concluded that since the estate would be bound by the dissolution judgment, the personal representative substituted as party plaintiff "succeeded to [the wife's] right to receive attorney's fees for all legal services performed on her behalf both before and after her death." Id. The Rosenhouse decision is not mentioned in Adler and, arguably, the critical facts in each case are different, one involving the entry of a partial judgment prior to the death of the wife.
Williams distinguished the claim for attorney's fees from other forms of relief sought in a dissolution action and held that unlike alimony, child support, equitable distribution, etc., the need for attorney's fees is not extinguished by a spouse's death. The court reasoned that assuming that the wife would have been entitled to an award of attorney's fees from her husband but for the abatement of her dissolution action, the liability for such fees, if not paid by the husband, would shift to her estate. If her estate was insufficient to cover the fee obligation, the liability for fees would shift ultimately to her attorney who had, in good faith, undertaken to prosecute the action and incurred costs on behalf of the wife. In the Williams court's view, "the exemption of the husband in such circumstances is unfair and incompatible with the policy underlying the grant of counsel fees and costs." Williams, 281 A.2d at 275. We believe the holding and rationale articulated in Williams more closely fulfills the statutory directions of chapter 61 and the public policy embodied therein than the holding in Rosenhouse. In particular we agree with the Williams court's statement:
There is no logical reason why the wife's untimely demise should relieve the husband of an obligation which as a matter of policy and justice he ought to bear. Such is not the case with other categories of necessaries and there is no good reason to treat the wife's claim to an award of counsel fees and costs differently in this respect.
We therefore hold that where a spouse, who would otherwise be entitled to an award of costs and attorney's fees, dies before the entry of judgment in a dissolution action, the trial court may retain jurisdiction to dispose of the spouse's claim for fees and costs, and we affirm the award here.
HERSEY, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] Spiro v. Spiro, 124 Ill. App.2d 254, 260 N.E.2d 332 (1970); Ballard v. Ballard, 59 Ky. (2 Met.) 412 (1859); Gunther v. Gunther, 301 S.W.2d 207 (Tex.Civ.App. 1957); State ex rel. Paxton v. Porter Superior Court, 467 N.E.2d 1205 (Ind. 1984).