## IN RE: ESTATE OF FARLEY
### Case No. 83-2190 CP
Fifteenth Judicial Circuit, Palm Beach County
April 29, 1988

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### *ORDER ASSESSING ATTORNEY FEES AND COSTS*

On May 24, 1985, the court closed this estate. June 24, 1986, Barrie J. Jones, one of the interested persons in the estate filed her petition to reopen it and this court so ordered, granting the request on July 23, 1987. The personal representative pursued a writ of prohibition in the appellate court which was granted on January 20, 1988 and subsequent petition for rehearing denied. The appellate court per curiam decision reflects:

"We grant petitioner's writ of prohibition. The trial court did not

have jurisdiction to reopen the instant estate because the motion was untimely filed under Rule 1.540, Florida Rules of Civil Procedure, 1987. . . ."

The motion presently under considertion by the personal representative moves the court to tax attorney fees and costs against Barrie F. Jones pursuant to F.S. 733.106, subparagraphs 1, 3 and 4, which provide as follows:

"(1) In all probate proceedings costs may be awarded as *in chancery actions.* (emphasis supplied)

(3) Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.

(4) When costs and attorney fees are to be paid out of the estate, the court may, in its discretion, direct from what part of the estate they shall be paid."

The position of the respondent succinctly stated is, as the appellate court determined it was error to reopen the estate, the court has no jurisdiction to award the fees and costs, but is limited to the closure of the estate; the petitioner's position is obviously to the contrary. Both attorneys have advised the court independent research has failed to uncover any case law in the State of Florida which would assist the court in its determination. There is no question substantial costs were incurred in defending the estate against the petition to reopen it and counsel seeks fees in the sum of $32,800.71, together with the costs in the amount of $961.06.

The appellate courts of this state have been called upon to resolve similar issues raised in other areas of jurisprudence; a typical example being found in the area of dissolution of marriage, Florida Statute 61.16. Frequently, for a variety of reasons after dissolution proceedings have commenced, the action is terminated in the lower court before the opportunity to rule upon the question of entitlement and amount of attorney fees allowable pursuant to that statute. Our appellate courts, in a series of decisions, have ruled the termination does not deprive the court of jurisdiction to consider the fee award. See *Hirsh v. Hirsh,* 519 So.2d 1056 (Fla. 4th DCA 1988) and cases cited therein.

The probate statute under consideration specifically provides for the granting of costs as in "chancery actions." Writs of Prohibition are issued sparingly by our appellate courts, as the relief sought is, indeed, extraordinary. In the instant case, the appellate court experienced no

apparent difficulty in issuing the writ of prohibition and the estate was obviously the prevailing party. The successful defense by the estate would indeed be a rather "costly victory", unless the attorney fees and costs incurred are assessed against the party causing them. It is thereupon,

ADJUDGED:

1. This court does have jurisdiction to award attorney fees and costs pursuant to Chapter 733.106.

2. The court finds, based upon the uncontradicted evidence, the 275 hours expended by counsel at an hourly rate ranging from $125 to $150 is reasonable and that total fee of $32,800 is reasonable. Court costs of $961 are reasonable.

3. As Barrie F. Jones, an interested party to this estate, was the petitioner causing the estate to be unjustifiably reopened, it is only fair and just these attorney fees and costs be paid from that portion of the estate due her. Sufficient monies have been held within the jurisdiction of the court to satisy them, and it is so ordered.

ORDERED April 29, 1988 at West Palm Beach, Palm Beach County, Florida.