DOWNEY, Judge.
This appeal involves the validity of an order denying a motion to tax attorney’s fees for services rendered to a wife in a dissolution of marriage case wherein the wife died prior to entry of a final judgment of dissolution.
In the dissolution proceeding the wife was initially represented by the law firm of Steinberg, Wohl & Merlin, P.A., appellant herein. After representing her for over a year to a point where the case was set for final hearing, apparently irreconcilable differences arose and appellant filed a motion to withdraw and a notice of charging lien and retaining lien. The motion to withdraw was granted by order that directed that notice of any change in the status of *504 the final hearing scheduled for some six weeks later should be served on appellant.
Prior to the scheduled final hearing appellant served the wife and appellee’s counsel with a motion to determine the amount of its lien and enforce a charging lien to which was attached a complete list of all of the services rendered to the wife and the time consumed therein, totaling 178 hours. Apparently the wife failed to attend the final hearing and the cause was reset for April 18. That date came and went without trial and appellant filed a motion to tax attorney’s fees against the husband, which the court continued on July 22, 1986, until the final hearing. On August 22, 1986, the husband filed a motion to dismiss the cause because the wife had died on July 29, 1986, which the trial court granted ex parte by order filed on August 27, 1986. Appellant filed a motion for clarification and to vacate dismissal on August 29, 1986, which was granted on September 19, 1986. Therein the order, styled “Order Reserving Jurisdiction Re: Merits of Claim For Attorney Fees,” stated:
The real cause for the dismissal was due to the death of Petitioner, MARIE LEY-MAN. The right of the attorney, for the said Petitioner, to claim an attorney fee from the Respondent should survive such a dismissal.
Motion to claim an attorney fee preserved and reserved by the Court to be heard and determined, after Motion, Notice and argument regarding the merits of such claim.
In September appellant filed interrogatories to the husband. When no response was forthcoming, appellant moved for sanctions; whereupon the husband filed objections thereto and moved to strike the interrogatories. The trial court ordered the husband to answer the interrogatories and he did so. Thereafter, the trial court heard appellant’s motion to tax attorney’s fees against the husband and denied the same, stating:
The Order on Motion to Withdraw entered on February 12, 1986, said Order having been prepared and submitted by Petitioner’s counsel, reserved no jurisdiction unto the Court. The Final Order Dismissing Cause, entered August 21, 1986, reserved no jurisdiction unto the Court. (Frisard v. Frisard, 468 So.[2d] (2) 399).
Thus, it appears that, after allowing appellant to withdraw as counsel for the wife and directing that appellant be kept advised regarding the final hearing, obviously so that appellant could pursue its lien for attorney’s fees, the court dismissed the cause ex parte without notice, to appellant. Thereafter, within the time for rehearing, appellant filed a motion for clarification and to vacate the dismissal, which the court granted, holding that the dismissal affected only the wife’s petition for dissolution (in view of her death), and reserved jurisdiction to consider the appellant’s claim for fees. Having thus gotten the case back on track, the order appealed from, denying the motion to tax attorney’s fees for failure to retain jurisdiction in the orders granting withdrawal and dismissing the cause, comes as quite a surprise.
Neither the Frisard case cited by the trial court nor any of the other authorities relied on by appellee support the argument that the trial court lost jurisdiction to consider appellant’s lien claim by virtue of the court’s failure to specifically reserve jurisdiction therefor in the order authorizing withdrawal. Those cases all deal with final judgment in a cause wherein the trial court failed to reserve jurisdiction to award attorney’s fees or take action usually resolved in the final judgment. In the present case, there was no final judgment of dissolution. There was a death of a party, which terminates jurisdiction to enter a judgment of dissolution of the marriage. However, as the court said in Williams v. Williams, 281 A.2d 273, 59 N.J. 229 (1971), cited with approval by this court in Hirsch v. Hirsch, 519 So.2d 1056 (Fla. 4th DCA Jan. 27, 1988):
There is no logical reason why the wife’s untimely demise should relieve the husband of an obligation which as a matter of policy and justice he ought to bear. Such is not the case with other categories of necessaries and there is no good *505 reason to treat the wife’s claim to an award of counsel fees and costs differently in this respect.
The Williams court distinguished the claim for attorney’s fees from other forms of relief sought in dissolution actions by pointing out that in the case of attorney’s fees the need therefor is not extinguished by a spouse’s death; whereas in the case of alimony for the decedent or other such claim, death obviates the necessity therefor. A further poignant observation from Williams was also quoted by Hirsch to the effect that exempting the husband from the responsibility of paying a wife’s attorney’s fees in such circumstances is unfair and incompatible with the policy underlying the grant of counsel fees and costs. We also believe our conclusion here finds support in Irwin v. Marko, 408 So.2d 677 (Fla. 4th DCA 1982).
Accordingly, we hold the trial court erred in entering its order denying appellant’s claim to a lien for attorney’s fees on the grounds of lack of jurisdiction. We, therefore, reverse and remand the cause for further proceedings to determine appellant’s entitlement to attorney’s fees and the amount thereof, if any, on the merits.
LETTS and GUNTHER, JJ., concur.