WHATLEY, Judge.
In this marital dissolution case, the appellant, Donald MacLeod, contends the trial court lacked jurisdiction to award attorney’s fees to his wife’s counsel, because his wife, Harriet E. Hoff, died while the divorce was pending. While Mr. MacLeod’s contention may have merit, it is impossible to make a determination from the record before us. We, therefore, reverse and remand for further proceedings.
When a spouse in a marital dissolution proceeding dies before entry of a final judgment of dissolution, the trial court is thereafter deprived of jurisdiction to enter a final judgment. Berkenfield v. Jacobs, 83 So.2d 265 (Fla.1955); Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA 1987); Simpson v. Simpson, 473 So.2d 299 (Fla. 3d DCA 1985); Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA 1982); Messana v. Messana, 421 So.2d 48 (Fla. 4th DCA 1982); McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962). The trial court’s jurisdiction expires because death, by operation of law, has already terminated the marriage. Berkenfield; Johnson; Jaris. Jurisdiction to enter a final judgment of dissolution expires even where a dissolution of marriage has been orally pronounced by the trial court. Jaris; Messana; McKen-dree. It has been found, however, that where a final judgment of dissolution has been entered before the death of a given spouse, a trial court retains jurisdiction to determine property rights after that spouse’s death, if it reserved jurisdiction to do so pursuant to the final judgment of dissolution. Fernandez v. Fernandez, 648 So.2d 712 (Fla.1995).
In Rosenhouse v. Ever, 150 So.2d 732 (Fla. 3d DCA 1963), the wife in a pending marital dissolution died before a final judgment of dissolution was entered. After her death, however, the wife’s attorneys applied for fees. The impropriety of the attorneys seeking fees in their own names notwithstanding, the Third District found that:
The chancellor was eminently correct in concluding that the death of the wife abated the suit as to divorce and also as to an application for attorney fees which was a matter growing out of and incidental to the cause of action for divorce. Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105; McKendree *1252 v. McKendree, (Fla.App.1962), 139 So.2d 173; 1 Am.Jur., Abatement and Revival, § 110.
In Hirsch v. Hirsch, 519 So.2d 1056 (Fla. 4th DCA 1988), the wife in that marital dissolution case also died before entry of a final judgment of dissolution. Prior to her death — in fact, in response to the husband’s complaint in dissolution — the wife requested “attorney’s and accountant’s fees and costs.” Id. Further*, after the first day of trial in the case, while the wife was still living, “the [trial] court reserved jurisdiction to consider an award of fees and costs.” Id. Though the wife died before the trial was concluded, the Fourth District found that the wife’s claim for fees was not extinguished and held that “where a spouse, who would otherwise be entitled to an award of costs and attorney’s fees, dies before the entry of judgment in a dissolution action, the trial court may retain jurisdiction to dispose of the spouse’s [pre-death] claim for fees and costs.” Id. at 1057.
In the instant case, Mr. MacLeod and his deceased wife’s attorney both argue that Ro-senhouse and Hirsch are in conflict with one another. Thus, Mr. MacLeod implores this court to follow the Third District’s holding in Rosenhouse. The deceased wife’s attorney, on the other hand, insists that we follow the Fourth District’s holding in Hirsch. The arguments of the parties notwithstanding, we conclude that these cases are not in conflict and are, in fact, consistent with each other, though they are procedurally different. In both cases, the wife died prior to the entry of a final judgment of dissolution. In Rosen-house, however, a motion for fees was filed after the decedent’s death by the decedent’s attorneys. Conversely, in Hirsch, a motion for fees was filed by the wife shortly before her death. The trial court in Hirsch also, prior to the wife’s death, reserved jurisdiction to consider the request for fees.
In consideration of the holdings in Rosen-house and Hirsch, it is our task to determine which set of procedural circumstances exist herein. The record we have been furnished, however, precludes such a determination because it is silent as to when and by whom the motion for fees in this instance was filed. Thus, remand is necessary.
On remand, the parties are reminded that under section 61.16, Florida Statutes (1993), attorneys have no standing to apply for awards of fees in their own names. Robinson v. Hucker, 423 So.2d 477 (Fla. 1st DCA 1982); Baucom v. Baucom, 397 So.2d 345 (Fla. 3d DCA 1981). Instead, section 61.16 provides only that an attorney may enforce, in his own name, an award of fees to a party — made, of course, upon that party’s proper motion — where the trial court has entered a discretionary order indicating that payment of fees is to be made directly to the attorney. The Florida Bar v. W.H.P., 384 So.2d 28 (Fla.1980); Kozich v. Kozich, 501 So.2d 1386 (Fla. 4th DCA 1987).
The instant case is reversed and remanded for proceedings consistent with this opinion. We do not reach the remaining issues raised by Mr. MacLeod on this appeal, as the issue considered herein is dispositive.
Reversed and remanded.
FRANK, C.J., and PARKER, J., concur.