RAMIREZ, J.
This is an appeal from an order denying attorneys’ fees in a dissolution of marriage proceeding in which the trial court, relying on this Court’s decision in Rosenhouse v. Ever, 150 So.2d 732 (Fla. 3d DCA 1963), found that it lacked jurisdiction over the matter following the death of one of the parties. We decline to give Rosenhouse such expansive application and therefore reverse.
On January 20, 2000, Beth Ann Clark filed a Verified Petition for Dissolution of Marriage and Other Relief against John Ward Clark. John Ward Clark died on October 9, 2000, before the dissolution proceedings had concluded. Prior to Mr. Clark’s death, the trial court had reserved ruling on his entitlement to attorneys’ fees. On October 10, 2000, Mr. Clark’s attorney filed a Motion for a Charging Lien Against Marital Assets for Payment of Attorneys’ Fees Incurred in This Action. On October 16, 2000, Mrs. Clark filed a Motion for Dismissal. Based on Rosenhouse v. Ever, 150 So.2d 732 (Fla. 3d DCA 1963), the trial court ruled that it no longer had jurisdiction in the matter, denied the motion for attorneys’ fees, and granted Mrs. Clark’s motion to dismiss.
We distinguish Rosenhouse based on the fact that in that case the wife’s attorney applied for fees after she died and the proceedings had abated. Id.[1] In the in *479 stant case, Mr. Clark filed two requests for attorneys’ fees prior to his death. See MacLeod v. Hoff, 654 So.2d 1250 (Fla. 2d DCA 1995) (distinguishing Rosenhouse as procedurally different from the situation where a decedent had filed for attorneys’ fees prior to death). Although two motions for attorneys’ fees were filed prior to Mr. Clark’s death, the trial court only reserved jurisdiction as to one of his requests. We believe, however, that as long as a request for attorneys’ fees is filed prior to the death of the party, it makes no difference whether or not the trial court specifically reserved jurisdiction as to that issue. Because Mr. Clark filed his motions prior to his death, the lower court continued to have jurisdiction over the issue of attorneys’ fees.
Accordingly, we reverse the denial of attorneys’ fees and remanded for proceedings consistent with this opinion.

. Although the trial court commendably followed our Rosenhouse precedent, we have serious doubts as to its continuing validity given the enactment of section 61.16, Florida Statutes, and its purpose of insuring that both parties have the same opportunity to secure counsel. At the time Rosenhouse was decided, section 65.17, Florida Statutes (1966) provided as follows:
Whenever any court shall make any allowance for attorney's fees, suit money or costs in any divorce, alimony or support *479 proceeding pending before it, such court may direct that all such allowances be paid to the attorneys or other persons for whose ultimate benefit such allowances are made.
Section 61.16 added the following language: "In all cases, the courL may order that the amount be paid directly to the attorney, who may enforce the order in that attorney's name.” See also Hirsch v. Hirsch, 519 So.2d 1056 (Fla. 4th DCA 1988), in which the fourth district refused to follow Rosenhouse. We, however, cannot recede from our precedent without en banc consideration.