T.C. Summary Opinion 2009-7


UNITED STATES TAX COURT


JORDAN LEE SCHWENING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27056-07S.          Filed January 8, 2009.


Jordan Lee Schwening, pro se.

<u>Douglas S. Polsky</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2004, the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,900 in petitioner's Federal income tax for 2004. The sole question presented for decision is whether payments petitioner made to his ex-wife met the definition of "alimony" under the Internal Revenue Code. Because we are required to hold that those payments were not alimony, we must sustain respondent's determination.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time the petition was filed, Jordan Lee Schwening (petitioner) resided in the State of Kansas.

The marriage between petitioner and his ex-wife was dissolved in 2001 by a State court in Colorado. Pursuant to that court's Stipulated Final Orders (final orders), petitioner was to pay his ex-wife "the amount of $1,700 per month as and for family maintenance." The payments were to "be made for six years from April 1, 2001, and * * * [are] non-modifiable." The final orders further explained that "if [minor child] is still in his minority at the end of the said six-year period of non-modifiable maintenance, the parties shall agree to an amount of child support for that child."

In 2004, petitioner paid his ex-wife $11,200 pursuant to the final orders, and he deducted that amount as alimony on his Federal income tax return.[2]

Respondent disallowed the claimed deduction because the payments did not meet the requirements for an alimony deduction under section 71.

### Discussion[3]

Section 71(a) provides the general rule that alimony payments are included in the gross income of the payee spouse; section 215(a) provides the complementary general rule that alimony payments are tax deductible by the payor spouse in "an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year."

The term "alimony" means any amount received as alimony or separate maintenance payments as defined in section 71, the relevant provision of which explains:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

---

[2] Because of some difficult economic circumstances, petitioner was unable to pay his ex-wife the full amount of $20,400 due at that time.

[3] The issue for decision is essentially legal in nature; accordingly, we decide it without regard to the burden of proof.

      (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

      (B) the divorce or separation instrument does not designate  such payment as a payment which is not   includible in gross income * * * and not allowable as a deduction under section 215,

      (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

      (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Both parties agree that petitioner's payments to his ex-wife satisfied the requirements set out in section 71(b)(1)(A), (B), and (C).  The parties do not agree, however, whether the requirement to make payments would have terminated in the event of petitioner's ex-wife's death.  See sec. 71(b)(1)(D).

Although section 71(b)(1)(D) originally required that a divorce or separation instrument affirmatively state that liability for payments terminate upon the death of the payee spouse in order to be considered alimony, the statute was retroactively amended in 1986 so that such payments now qualify as alimony as long as termination of such liability would occur upon the death of the payee spouse by operation of State law.

Hoover v. Commissioner, 102 F.3d 842, 845-846 (6th Cir. 1996), affg. T.C. Memo. 1995-183.  If the payor is liable for any qualifying payment after the recipient's death, none of the related payments required will be deductible as alimony by the payor.  See Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163.

Here, the final orders do not provide any conditions for the termination of the payments to petitioner's ex-wife other than the operation of time and a minor child reaching the age of majority; some courts have held that "payments are not considered alimony to the extent that the divorce or separation instrument *fixes* a sum of money as child support, or provides that the payments are reduced on the happening of an event related to the child, or at a time associated with such an event."  Kean v. Commissioner, supra at 192 (Emphasis in original).

Because the final orders do not expressly provide for the termination of petitioner's payments in the event of his ex-wife's death, we look to Colorado State law to resolve the issue.  See Morgan v. Commissioner, 309 U.S. 78, 80-81 (1940); see also, e.g., Kean v. Commissioner, supra at 191; Sampson v. Commissioner, 81 T.C. 614, 618 (1983), affd. without published opinion 829 F.2d 39 (6th Cir. 1987); Berry v. Commissioner, T.C. Memo. 2000-373 (stating:  "Although Federal law controls in determining [the taxpayer's] income tax liability * * *, State

law is necessarily implicated in the inquiry inasmuch as the nature of [the payor's] liability for the payment" was based in State law), affd. 36 Fed. Appx. 400 (10th Cir. 2002).

Petitioner contends that the intent of the final orders was both to provide for the deductibility of his payments and to comply with Colo. Rev. Stat. 14-10-122(2) (2008), the Colorado rule clarifying that the obligation to pay future maintenance terminates on the death of either party. Petitioner testified that his ex-wife also agreed that the payments made to her would be deductible to him. However, Colo. Rev. Stat. 14-10-122(2) speaks to "future maintenance", not "family maintenance", and it is the latter that is the relevant term in the final orders. Further, because the final orders' provision clearly deals with, at least in part, child support, we are unable to ascertain what portion of petitioner's payments might have been for spousal support and what portion was intended to provide support of the couple's children. Compare sec. 71(c) (explaining that child support is not "alimony") and Colo. Rev. Stat. 14-10-122(3) (explaining that child support payments do not terminate upon the death of a parent obligated to support the child); See also Colo. Rev. Stat. 14-10-122(2).

What we can ascertain is that the final orders contain a provision that calls for petitioner to provide unallocated support through monthly payments to his ex-wife. Thus, if the

unallocated support payments would terminate upon petitioner's ex-wife's death, petitioner's payments would be considered alimony. If not, then we must sustain respondent's determination.

Petitioner argues that any portion of the payments providing for child support would terminate in the event of his ex-wife's death because petitioner would then become the custodial parent. Unfortunately, as logical as that argument might seem, the law does not operate that way. Child support is expressly not "alimony". Sec. 71(c).

The Court of Appeals for the Tenth Circuit has explained that, under Colorado law, unallocated payments of temporary maintenance and child support do not terminate upon the death of the payee spouse and are thus not deductible as "alimony". Lovejoy v. Commissioner, 293 F.3d 1208, 1211 (10th Cir. 2002), affg. Miller v. Commissioner, T.C. Memo. 1999-273. In the absence of a different interpretation from the Colorado Supreme Court, Lovejoy is both controlling and on point.

For the reasons discussed above, we sustain respondent's determination that petitioner's payments made to his ex-wife in 2004 did not satisfy the statutory requirements of section 71, and, accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.