T.C. Summary Opinion 2009-24


UNITED STATES TAX COURT



SARA LYNN WILLIAMSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 148-08S.                    Filed February 23, 2009.



Sara Lynn Williamson, pro se.

<u>Deborah K. McKay</u>, for respondent.



ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect when the petition was filed.[1]  Pursuant to section

7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2005,
the taxable year at issue.  All monetary amounts are rounded to
the nearest dollar.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,025 in petitioner's Federal income tax for 2005. The sole issue for decision is whether the payment petitioner made to her ex-husband in 2005 met the definition of "alimony" under the Internal Revenue Code. Because we hold that the payment was not alimony, we sustain respondent's determination.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time the petition was filed, petitioner resided in the State of Illinois.

The marriage between petitioner and her ex-husband was dissolved in 2005 pursuant to a Dissolution of Marriage incorporating a Marital Settlement Agreement (MSA).

The MSA's Article VI, Maintenance, explained very simply and very clearly that petitioner and her ex-husband each waived maintenance from the other.

The MSA's Article VII, Property Settlement, provided for a property settlement regarding, among other things, the marital residence. According to the MSA, petitioner was to refinance the property, pay off its outstanding mortgages (as well as one-half

of the outstanding marital debts), and split any remaining proceeds with her ex-husband. Petitioner explained at trial that she paid her ex-husband $26,181 in order to extinguish his interest in the property.

Petitioner deducted $26,181 as alimony on her 2005 Federal income tax return.

Respondent disallowed the claimed deduction because the payment did not constitute alimony under section 71. Mechanical adjustments to petitioner's Federal income tax followed, and respondent determined a deficiency of $6,025.

## Discussion[2]

Section 71(a) provides the general rule that alimony payments are included in the gross income of the payee spouse; section 215(a) provides the complementary general rule that alimony payments are tax deductible by the payor spouse in "an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year."

The term "alimony" means any amount received as alimony or separate maintenance payments as defined in section 71, the relevant provision of which explains:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

---

[2] The issue for decision is essentially legal in nature; accordingly, we decide it without regard to the burden of proof.

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Aside from the fact that petitioner and her ex-husband each expressly waived their right to maintenance from the other, payments are deductible as alimony only if all four requirements of section 71(b)(1) are met.  Both parties agree that petitioner's payment to her ex-husband satisfied the requirements set out in section 71(b)(1)(A), (B), and (C).  The parties disagree, however, whether the requirement to make the payment would have terminated in the event of petitioner's ex-husband's

death.  See sec. 71(b)(1)(D).  Because it is clear that petitioner's payment to her ex-husband would have been required even in the event of his death, we agree with respondent that the payment was not alimony.

Although section 71(b)(1)(D) originally required that a divorce or separation instrument affirmatively state that liability for payments terminate upon the death of the payee spouse in order to be considered alimony, the statute was retroactively amended in 1986 so that such payments now qualify as alimony as long as termination of such liability would occur upon the death of the payee spouse by operation of State law. Hoover v. Commissioner, 102 F.3d 842, 845-846 (6th Cir. 1996), affg. T.C. Memo. 1995-183.  Accordingly, we look to Illinois State law to resolve the issue.  Morgan v. Commissioner, 309 U.S. 78, 80-81 (1940); see also, e.g., Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163; Sampson v. Commissioner, 81 T.C. 614, 618 (1983), affd. without published opinion 829 F.2d 39 (6th Cir. 1987); Berry v. Commissioner, T.C. Memo. 2000-373 (stating that "Although Federal law controls in determining [the taxpayer's] income tax liability * * *, State law is necessarily implicated in the inquiry inasmuch as the nature of [the payor's] liability for the payment" was based in

State law), affd. 36 Fed. Appx. 400 (10th Cir. 2002).

Interpreting a marital settlement agreement based in Illinois law is a matter of contract construction; unless the agreement is incomplete or ambiguous, the language of the agreement itself controls. See, e.g., Michaelson v. Michaelson, 834 N.E. 2d 539, 543-544 (Ill. App. Ct. 2005); Dundas v. Dundas, 823 N.E. 2d 239, 241 (Ill. App. Ct. 2005). Here, the relevant provision of the MSA pursuant to which petitioner paid her ex-husband was Article VII, Property Settlement. Petitioner's testimony at trial confirmed that the payment was made to compensate him for his interest in the former marital residence. There is absolutely no ambiguity here, and property settlements are not "alimony". See, e.g., Riley v. Commissioner, 649 F.2d 768 (10th Cir. 1981), affg. T.C. Memo. 1979-237.

Further, the MSA's article XIV explains that the heirs and assigns of each party are designated to take any necessary steps to effect its provisions, making it clear that, at the very least, the property settlement provisions were intended to survive the death of either petitioner or her ex-husband. Because the property settlement was intended to survive the death of petitioner's ex-husband, the payment made pursuant to it could not have been alimony under section 71(b)(1)(D).

For the reasons discussed above, we sustain respondent's determination that petitioner's payment to her ex-husband in 2005

did not satisfy the statutory requirements of section 71, and, accordingly,

Decision will be entered

for respondent.