WELLS, Chief Judge.
 

 Norman Levine, as personal representative of the estate of Denise Reale, appeals from an order denying his motion to substitute Reale’s estate as the petitioner in Reale’s existing alimony modification proceeding and to amend the modification petition. We reverse the denial of Levine’s
 
 *1146
 
 motion to substitute, but affirm the denial of his motion to amend. We also reverse that portion of the order on review finding that Reale’s existing application for temporary attorney’s fees under section 61.16 of the Florida Statutes abated upon Reale’s death.
 

 Denise Reale and Donald Allen Horwitz were divorced in April 2004. The final judgment dissolving their marriage incorporated a marital settlement agreement which provided for a permanent periodic alimony award to Reale. In July of 2009, Reale petitioned for an upward modification of this award claiming that she needed additional funds to cover recently increased health care costs. She also sought an award of attorney’s fees and costs under section 61.16 of the Florida Statutes.
 
 See
 
 § 61.16(1), Fla. Stat. (2009).
 

 On January 27, 2010, while the petition for modification was still pending, Reale died. Norman Levine, the personal representative of Reale’s estate, subsequently moved to substitute the estate as the petitioner and to amend the modification petition to clarify that the only alimony being sought was for that period of time between the filing of Reale’s initial modification petition (July 10, 2009), and her death (January 27, 2010). Levine further sought to recover not only those section 61.16 attorney’s fees incurred prior to Reale’s death, but also those attorney’s fees and costs that the estate would incur going forward in the modification proceedings. Citing only to
 
 Rosenhouse v. Ever,
 
 150 So.2d 732 (Fla. 3d DCA 1963), the motions were denied.
 

 We agree that Reale’s estate cannot pursue the alimony modification request that she made before her death, nor any future attorney’s fees and costs the estate would incur in pursuing this claim.
 
 See Van Boven v. First Nat’l Bank in Palm Beach,
 
 240 So.2d 329, 332 (Fla. 4th DCA 1970) (finding that “when all obligation for alimony under the final decree terminated by virtue of the death of the ex-wife, the court no longer had jurisdiction to consider a petition for modification of alimony provisions irrespective of whether such petition would have been supported by testimony”). However, we cannot agree that the estate is unable secure the attorney’s fees and costs that Reale incurred prior to her death, where she made an express request for same in her initial modification petition. While this Court in
 
 Rosenhouse
 
 did conclude that such an award could not be requested following a spouse’s death, in
 
 Clark v. Clark,
 
 802 So.2d 478, 479 (Fla. 3d DCA 2001), we held that as long as such a request was filed before the death of the party, the issue could be addressed:
 

 We distinguish
 
 Rosenhouse
 
 based on the fact that in that case the wife’s attorney applied for fees after she died and the proceedings had abated.... We believe, however, that as long as a request for attorneys’ fees is filed prior to the death of the party, it makes no difference whether or not the trial court specifically reserved jurisdiction as to that issue. Because Mr. Clark filed his motions prior to his death, the lower court continued to have jurisdiction over the issue of attorneys’ fees.
 

 The court below should, therefore, have allowed Reale’s estate to be substituted as a party plaintiff for the purpose of pursuing an attorney’s fee and cost award for services rendered in the modification proceeding before her death.
 
 [1]
 

 See Adler v. Adler,
 
 418 So.2d 1007, 1008 (Fla. 3d DCA 1982) (finding that the decedent wife’s estate was a party within the terms
 
 *1147
 
 of section 61.16);
 
 see also
 
 § 733.612(20), Fla. Stat. (2009) (providing that “a personal representative, acting reasonably for the benefit of the interested persons, may properly ... [p]rosecute or defend claims or proceedings in any jurisdiction for the protection of the estate and of the personal representative”).
 

 Accordingly, we reverse that portion of the order on appeal denying Levine’s motion for substitution but affirm that portion of the order denying the motion to amend the modification petition to clarify the period of time for which increased alimony was sought and for the attorney’s fees and costs associated with that amendment. We also reverse that portion of the order finding that Reale’s application for temporary attorney’s fees and costs under section 61.16 abated upon her death.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 

 [1]
 

 . This would include appellate fees related to that claim.