T.C. Summary Opinion 2011-114


UNITED STATES TAX COURT


DAVID K. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2157-10S.                  Filed September 28, 2011.


David K. Brown, pro se.

<u>Brandon S. Cline</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.  Rule references are to the Tax Court Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 19, 2009, respondent determined a $4,884 deficiency in and a $743.73 section 6651(a)(1) addition to tax with respect to petitioner's 2007 Federal income tax. After concessions,[2] the issue for decision is whether petitioner is entitled to an alimony deduction in excess of the amount now allowed by respondent. The resolution of the issue depends upon whether petitioner may treat as alimony certain amounts paid as attorney's fees to the attorney for his former spouse.

## Background

All of the facts have been stipulated, see Rule 122, and they are so found. At the time the petition was filed, petitioner resided in Florida.

Petitioner and Orly Brown (petitioner's former spouse) were married on October 27, 1985; their marriage was dissolved on June 9, 2008, by the final judgment of dissolution of marriage issued by the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida (divorce decree). As best can be determined from the record, the divorce proceedings were less

---

[2]According to the stipulation of settled issues, respondent now agrees that petitioner is entitled to an alimony deduction in an amount not less than $22,087.81; respondent further concedes the imposition of the sec. 6651(a) addition to tax.

than cordial. The divorce decree addresses items routinely found in such documents, such as spousal support, custody and visitation rights with respect to the minor children of petitioner and his former spouse, and the division of property. As relevant here, the divorce decree specifically states that each party was responsible for his or her own costs, including attorney's fees, and that such costs were not to be shared.

During the course of the divorce proceedings, and before the issuance of the divorce decree, petitioner's former spouse applied to the appropriate court for attorney's fees and costs. As a result, after a finding that petitioner had been the cause of extensive and unnecessary delay, the State court ordered him to pay $67,639.32 to the attorney who had represented his former spouse during the divorce proceedings (for convenience, separation instrument). The amount awarded was intended to cover attorney's fees actually incurred and attorney's fees reasonably estimated to be incurred in the future in connection with the divorce proceedings.[3] Accordingly, during 2007 petitioner paid $15,086.23 to the attorney for his former spouse (disputed payment).

Petitioner's 2007 Federal income tax return was timely filed. As relevant here, the adjusted gross income reported on

---

[3]At the time of the award, attorney's fees actually incurred by petitioner's former spouse exceeded $30,000.

that return takes into account a $27,290 deduction for alimony paid to petitioner's former spouse. The record does not disclose how that deduction was computed, but it is clear that no amounts attributable to the disputed payment are included in it.

The notice of deficiency disallowed the alimony deduction. As noted, respondent now agrees that petitioner is entitled to an alimony deduction in an amount not less than $22,087.81. The record does not disclose how that amount was computed either, but it is also clear that no amounts attributable to the disputed payment are included in the amount now allowed by respondent.

## Discussion

According to petitioner, the disputed payment is allowable as an alimony deduction. Respondent disagrees, and for the following reasons, so do we.

As has been observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 215(a) permits a deduction for the payment of alimony during the taxable year. For section 215 purposes, the definition of "alimony" is actually found in section 71(b)(1), which provides:

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

If a payment made to a spouse or former spouse fails to meet any of these four enumerated criteria, that payment does not fit within the definition of alimony and is not allowable as a deduction under section 215.

Taking the parties' lead, and assuming without finding that the disputed payment satisfies the requirements set forth in section 71(b)(1)(A), (B), and (C), we turn our attention to petitioner's obligation to have made the disputed payment after the death of his former spouse.

In order to deduct a payment as alimony, the payor must have no liability to make the payment, or continue to make payments,

after the payee's death.  Sec. 71(b)(1)(D); <u>Johanson v.</u> <u>Commissioner</u>, 541 F.3d 973, 976-977 (9th Cir. 2008), affg. T.C. Memo. 2006-105; <u>Kean v. Commissioner</u>, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163.  This requirement may be satisfied either by the express terms of the relevant divorce or separation instrument or by operation of State law.  <u>Commissioner</u> <u>v. Estate of Bosch</u>, 387 U.S. 456, 465 (1967); <u>Cunningham v.</u> <u>Commissioner</u>, T.C. Memo. 1994-474.

According to petitioner, his obligation to have made the disputed payment would have terminated upon the death of his former spouse.  According to respondent, petitioner's obligation to make the disputed payment was fixed by the separation instrument regardless of whether his former spouse died before the payment was made.  Because the separation instrument does not state whether petitioner's obligation to make the disputed payment would have terminated upon the death of his former spouse, we examine State law, in this case Florida law, to resolve the dispute between the parties on the point.  See <u>Johanson v. Commissioner</u>, <u>supra</u> at 977.

Our review of Florida law leads us to conclude that petitioner's obligation to have made the disputed payment would not have terminated upon the death of his former spouse. See Fla. Stat. Ann. sec. 57.105(2) (West 2006 & Supp. 2011) (fees and costs may be imposed upon a party to civil litigation who has

caused unreasonable delay);[4] <u>Clark v. Clark</u>, 802 So. 2d 478, 478-479 (Fla. Dist. Ct. App. 2001) (upholding an award of attorney's fees applied for before the death of the payee spouse); <u>Hirsch v. Hirsch</u>, 519 So. 2d 1056 (Fla. Dist. Ct. App. 1988) (upholding an award of attorney's fees even though the payee spouse died before the issuance of the divorce decree).[5]

In support of his position, petitioner relies upon <u>Rosenhouse v. Ever</u>, 150 So. 2d 732 (Fla. Dist. Ct. App. 1963). In <u>Rosenhouse</u>, the court held that a party's right to seek attorney's fees terminated upon the death of that party. To the extent that <u>Rosenhouse</u> has not been effectively overruled by the line of cases cited above, we find it to be distinguishable and decline to apply its reasoning here. See, e.g., <u>Clark v. Clark</u>, <u>supra</u> at 478; <u>MacLeod v. Hoff</u>, 654 So. 2d 1250, 1251-1252 (Fla. Dist. Ct. App. 1995).

Because petitioner has failed to establish that under Florida law his obligation to have made the disputed payment would have terminated upon the death of his former spouse, the payment does not fit within the definition of alimony for

---

[4]The court order obligating petitioner to make the disputed payment clearly reflects that court's view that petitioner "unreasonably [delayed]" the divorce proceedings.

[5]Relying upon <u>Hirsch v. Hirsch</u>, 519 So. 2d 1056 (Fla. Dist. Ct. App. 1988), in <u>Berry v. Commissioner</u>, T.C. Memo. 2000-373, affd. 36 Fed. Appx. 400 (10th Cir. 2002), we found that the obligation of one spouse to pay the attorney's fees of the other did not terminate upon the death of the payee spouse.

purposes of sections 71 and 215. It follows that petitioner's allowable alimony deduction for the year in issue is limited to the amount now allowed by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.